UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT CASE,<br><br>          Plaintiff,<br><br>     v.<br><br>RAYTHEL FISHER, JR., et al.,<br><br>          Defendants. | Case No. 1:19-cv-01739-ADA-BAM<br><br>**ORDER DENYING PROPOSED SUBSTITUTION OF ATTORNEY** (Doc. 51)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE** (Doc. 52) |

Currently pending before the Court are a proposed substitution of attorney filed by Plaintiff Garrett Case and his counsel on May 20, 2023, along with a motion for appointment of counsel filed by Plaintiff Garrett Case on August 25, 2023. (Doc. No. 51 and 52.) For the reasons that follow, the proposed substitution of attorney will be denied and Plaintiff's motion for appointment of counsel will be denied without prejudice.

**I.     Proposed Substitution of Attorney**

On September 13, 2022, the parties filed a joint status report. (Doc. 48.) According to the report, Plaintiff's counsel intended to withdraw from the case due to a change in counsel's circumstances. Plaintiff, through counsel, was seeking additional time to respond to the pending motion for summary judgment in order to locate substitute counsel. Plaintiff therefore requested

1

1 a status conference with the district court. (*Id.*)

2 On March 29, 2023, the district court held a status conference with the parties. (Doc. 50.) Plaintiff's counsel informed the Court that he would be filing a Notice of Withdrawal of Counsel and that the Plaintiff was seeking new counsel. (*Id.*)

Following the conference, on May 20, 2023, Plaintiff and his counsel filed a proposed substitution of attorney. (Doc. 51.) The proposed substitution does not comply with Local Rule 182 because Plaintiff seeks to represent himself in this matter pro se and is not seeking to substitute his attorney with new counsel. L.R. 182(g) ("An attorney who has appeared in an action may substitute another attorney and thereby withdraw from the action by submitting a substitution of attorneys . . ."). Plaintiff's counsel may not withdraw leaving the client in propria persona without leave of court upon noticed motion, notice to the client and all other parties who have appeared, and an attorney affidavit pursuant to Local Rule 182(d). Therefore, the Court will deny the proposed substitution of attorney. To the extent Plaintiff's counsel seeks to withdraw as attorney of record, counsel shall comply with Local Rule 182. <u>Accordingly, the authority and duty of the attorney of record shall continue until relieved by order of the court.</u> L.R. 182(d).

## II.    Plaintiff's Motion for Appoint of Counsel

On August 25, 2023, Plaintiff personally filed a motion for an appointment of counsel. (Doc. 52.) Although Plaintiff reportedly has been attempting to secure new counsel without success, he remains represented by counsel of record, Jeffrey Katz of Kesher Law Group, unless and until the Court orders otherwise. L.R. 182(d). He therefore is not authorized to file documents on his own behalf. Filings must include the signature of at least one attorney of record when a party is represented. Fed. R. Civ. P. 11(a); *see also* Local Rule 131 ("All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them . . . ."). Accordingly, the motion for appointment of counsel will be denied without prejudice. Plaintiff is advised that any future filings submitted by a party who is represented by counsel will not be docketed.

///

///

**III.     Conclusion and Order**

Based on the above, IT IS HEREBY ORDERED as follows:

1. The proposed substation of attorney (Doc. 51) is DENIED;
2. Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice; and
3. The Clerk of the Court is directed to serve Plaintiff Garrett Case by mail with a copy of this order at the following address:  California Health Care Facility – STOCKTON, 7707 Austin Road, Stockton, CA 95215.

IT IS SO ORDERED.

Dated:   **August 31, 2023**                            /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE