1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   GARRETT CASE,                              ) Case No.: 1:19-CV-1739-KES-BAM
                                                )
12          Plaintiff,                          )
                                                ) ORDER DENYING PLAINTIFF'S MOTION TO
13   v.                                         ) COMPEL AND DENYING PLAINTIFF'S
                                                ) MOTION FOR FURTHER EXTENSION OF TIME
14   RAYTHEL FISHER JR. et al.,                 ) TO FILE OPPOSITION TO SUMMARY
                                                ) JUDGMENT MOTION
15          Defendants.                         )
                                                ) (Docs. 78, 83)
16                                              )
                                                )
17   _____        )

18          Plaintiff Garrett Case, proceeding pro se in this civil action, moved to compel the production of

19   "Records from CDCR" on August 12, 2024.  Doc. 78.  In the motion, he requests "equal access to my

20   electronic file/records/history of 602, 602-HC, 1842 ADA grievance forms and attachments."  *Id.* at 2.

21   On September 23, 2024, plaintiff moved for an additional extension of time to file an opposition to

22   defendant's motion for summary judgment.  Doc. 83.

23          Discovery in this matter, including expert discovery, has been closed since October 20, 2021.

24   *See* Doc. 36.  Courts may reopen discovery for good cause, and when determining if there is good

25   cause, courts should consider if the non-moving party would be prejudiced by reopening discovery

26   and the general procedural posture of the case.  *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d

27   1060, 1066 (9th Cir. 2017).  This case has been pending since 2019, concerns actions taken by

28

1

1    defendants in 2016–17, and defendants' motion for summary judgment has been pending since

2    June 15, 2022.

3          At a hearing on May 15, 2024, plaintiff was granted a 45-day extension of time to file an

4    opposition to the motion for summary judgment.  Doc. 69.  The Court granted plaintiff a further

5    extension of time on June 25, 2024.  Doc. 75.  On August 6, 2024, the Court again extended the

6    deadline to file an opposition, this time to September 7, 2024, and warned that "[a]ny further request

7    for an extension of time will be disfavored."  Doc. 77.  Despite the warning, plaintiff requested

8    additional time to file an opposition on August 12, 2024.  *See* Docs. 78, 79, 80.

9          On September 5, 2024, in opposition to the motion for summary judgment, plaintiff filed a

10   211-page statement of genuine disputes with exhibits.  Doc. 81.  Thereafter the Court granted plaintiff

11   a final 16-day extension, until September 23, 2024, to file any additional legal memoranda in

12   opposition.  Doc. 82.  The Court further informed the parties that the motion for summary judgement

13   would be taken under submission on October 7, 2024.  *Id.*  Plaintiff did not file any supplemental

14   briefing in opposition to the summary judgment motion; instead, plaintiff filed a further motion for

15   extension of time.  Doc. 83.  Defendants timely filed a reply on October 7, 2024 addressing plaintiff's

16   September 5, 2024 opposition filing.  Doc. 84.

17         In his latest motion for extension of time, plaintiff states that he wishes to depose a

18   neurosurgeon who performed operations on him from 2019 onwards, which is after the period at issue

19   in this case.  Doc. 83 at 2.  Plaintiff also complains that CDCR actions have limited his ability to

20   properly oppose the motion for summary judgment, but plaintiff has already filed a 211-page

21   document in opposition to the summary judgment motion.  *See id.*

22         Plaintiff has failed to establish good cause for reopening discovery at this late stage in the

23   proceedings or for a further extension of time to file an additional opposition to the motion for

24   summary judgment.  Defendants would also be prejudiced by a reopening of discovery at this late date

25   and by further delay of the resolution of their summary judgment motion.  Prejudice against the

26   defendants is presumed because "delay inherently increases the risk that witnesses' memories will

27   fade and evidence will become stale."  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

28

2

Accordingly, it is ORDERED:

1. Plaintiff's motion to compel discovery, Doc. 78, is DENIED.

2. Plaintiff's motion for further extension of time to file an opposition, Doc. 83, is DENIED.

3. Defendants' motion for summary judgment, Doc. 41, is under submission and the Court will issue a ruling.

IT IS SO ORDERED.

Dated:    November 25, 2024

_____
UNITED STATES DISTRICT JUDGE

3